Louie J. Yanza
**MAHER · YANZA · FLYNN · TIMBLIN, LLP**
115 Hesler Place, Ground Floor
Governor Joseph Flores Building
Hagåtña, Guam 96910
Telephone No.: (671) 477-7059
Facsimile No.: (671) 472-5487

Attorneys for Defendant
TANYA L. TERLAJE

FILED
DISTRICT COURT OF GUAM
DEC 1 1 2007
JEANNE G. QUINATA
Clerk of Court

# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL CASE NO. 07-00067 |
| Plaintiff, | |
| vs. | SENTENCING MEMORANDUM |
| TANYA L. TERLAJE, | |
| Defendant. / | |

I. **THE DEFENDANT SHOULD RECEIVE A REASONABLE SENTENCE BASED ON THE CONSIDERATION OF HER UNIQUE CHARACTERISTICS BASED ON UNITED STATES V. BOOKER AND 18 U.S.C. §3553(a).**

In <u>United States v. Booker-Fanfan</u>, decided January 12, 2005, the Supreme Court held that the sentencing guidelines must be considered merely as "advisory" and only one of the sentencing factors to be used in conjunction with those listed for consideration during sentencing in 18 U.S.C. §3553(a). 125 S.Ct. 738, 750 (2005). Under the Sentencing Reform Act, specifically 18 U.S.C. §3553(b)(1), the guidelines were a mandatory nature, requiring courts to impose sentences based on the offense

1

level, criminal history category, and guideline range as provided for in the guideline sentencing table. Yet, in Booker, the Court held that 18 U.S.C. §3553(b)(1) and 18 U.S.C. §3742(e), which made and were dependent on the guidelines' mandatory nature "must be severed and excised." Id., at 756.

Although the congressional intent in enacting the above-mentioned statutes were to "provide certainty and fairness in meeting the purposes of sentencing, [while] avoiding unwarranted sentencing disparities," Congress also sought to maintain "sufficient flexibility to permit individualized sentences when warranted." Id., at 767, citing 28 U.S.C. §991(b)(1)(B). As noted in the guidelines themselves, the purpose of the guidelines were to promote "honesty," "uniformity," and "proportionality" that would appropriately impose "different sentences for criminal conduct of different severity." USSG §1A1.1, App. Nt. 3. Yet, it is also noted that "[perfect] uniformity . . . destroys proportionality." Id. Explicit in this note is the notion that sentences require proportionality based on factors not considered by the sentencing commission, which may undercut the goal of uniformity of the guidelines. Thus, the guidelines are now merely "advisory" and while judges must "consult [the] guidelines" during sentencing, they are not bound to apply them. Booker, at 767.

Implicit in the goal of proportionality in sentencing is a requirement that the sentence be reasonable. To achieve this, the Legislature has stated that the sentencing judges shall consult Section 3553(a), which sets forth factors to take into account in delineating a sentence. These factors include: the need for the sentence to reflect the seriousness of the offense and to provide just punishment for such, the need to protect the public from further offenses of the defendant, the need to provide

2

the defendant with correctional treatment in the most effective manner. 18 U.S.C. §3553(a)(1)-(3).

In fact, Section 2B1-1, Commentary 19(C) of the Guidelines state: "There may be cases in which the offense level determined under this guideline substantially overstates the seriousness of the offense. In such cases, a downward departure may be warranted."

Furthermore, judges must also consider the nature of the offense along with the character and history of the defendant. In the case at hand, as previously discussed, an inquiry into the characteristics and history of the Defendant reflects that of a high school dropout who had no run-ins with the law. These facts are compelling in themselves as they go toward the culpability of the Defendant and her ability to realize the repercussions of her actions. The sentence imposed should reflect the Defendant in the most effective manner and a period of imprisonment would serve neither the needs of the Defendant nor the governmental interest.

Furthermore, although the charge itself should not be taken lightly, the facts and circumstances surrounding the evidence leading to the Defendant's charge does not substantiate a claim of potential dangerousness to the public or herself. The Defendant was cited for stealing food and drinks. Thus, the actual seriousness of the underlying offense does not call for harsh punishment as with the case of offense where a crime of violence against an identifiable victim. As the crime did not involve a societal threat or risk of threat, there is no indication that there is a substantial need to protect the public from future crimes of the Defendant.

Thus, based on the above-mentioned factors and the wide latitude granted to sentencing judges in considering various factors and characteristics of a defendant in the imposition of an appropriate and reasonable sentence, the Defendant respectfully requests that this Court impose a reasonable sentence outside of the advisory guideline range.

## II. SENTENCING RECOMMENDATION

Based on her role, Defendant TANYA L. TERLAJE ("TERLAJE") should be granted a variance, what is referred to as a departure in the old guideline context, from the suggested guideline range. Probation has established Defendant TERLAJE's total base offense level at four (4), with a range between 0 to 6 months, with one-year of supervised release to follow. However, this recommendation fails to reflect Defendant TERLAJE's role and the role she played in the commission of the current offense. In taking to account Defendant TERLAJE's role, a 4-Level variance should be granted by this Court, fixing her total offense level at zero (0). Defendant TERLAJE has a criminal history category of 1.

Defendant TERLAJE was cooperative when contacted by federal law enforcement, has accepted responsibility, provided substantial cooperation to the United States, and has expressed her sincere desire to reform and place all this history behind her to move on. Thus, Defendant TERLAJE respectfully requests that the proposed 0-6 months period of incarceration be zero.

/ /

/ /

## CONCLUSION

Based on the above, Defendant TERLAJE respectfully requests that this Court grant the 4-Level downward variance from the recommended sentencing guideline range due to her role and the substantial cooperation she has provided to the United States.

Respectfully submitted this 11th day of December, 2007.

          **MAHER • YANZA • FLYNN • TIMBLIN, LLP**
          Attorneys for Defendant
          **TANYA L. TERLAJE**

By: _____
      LOUIE J. YANZA